(8 Misc. Rep. 94.)

GUERINEAU et al. v. WEIL et al.

(Superior Court of New York City, Special Term. April, 1894.)

PRACTICE IN CIVIL CASES—TRANSFER TO SHORT-CAUSE CALENDAR.
   Plaintiffs' motion to transfer a cause to the short-cause calendar will be denied, where the moving affidavit admits that it will be necessary for plaintiffs to examine several witnesses, and defendants' affidavit states that they will be obliged to examine at least six witnesses.

Action by William S. Guerineau and others against Moses Weil and others. Plaintiffs move to place the cause on the special calendar for short causes. Denied.

Everett McKinstry, for the motion.
Benno Loewy, opposed.

GILDERSLEEVE, J. This is a motion, under rule 22 of the rules of this court, to have the cause placed upon the special calendar for short causes. The rule provides that in any action on contract, where there is reason to believe that the trial will not occupy more than one hour, either party may apply, on notice, etc., to have the cause placed upon the special calendar for short causes; and in case the motion is granted, but the trial takes more than one hour, it imposes a penalty of not less than $10, nor more than $30, costs upon the party making the motion, while the cause may be restored to its position on the general calendar. It is within the discretionary power of the court, at special term, to determine whether or not there is reason to believe that the trial will not occupy more than one hour. In the case at bar the complaint alleges that plaintiffs rendered services to the defendants, at their request, as brokers, in the sale and exchange of certain real estate, for which defendants promised to pay to plaintiffs $250, no part of which has been paid. It also alleges that the plaintiffs were copartners, and that the defendants are executors of one Abraham Ostheim, deceased. The answer, after denying any information or belief as to the copartnership of plaintiffs, and after admitting the executorship of defendants, and admitting that they have not paid to plaintiffs the sum of $250, denies each and every other allegation of the complaint. Therefore, the whole cause of action is put squarely at issue. It also appears from the affidavit submitted by defendants that defendants will be necessarily obliged to examine at least six witnesses, and perhaps more, while, in the moving affidavit, plaintiffs admit that in order to prove their case it will be necessary for them to examine several witnesses. It does not seem to me that this is a case for the special calendar for short causes. If the motion is granted, and the case occupies more than an hour, the trial will have to be suspended; and the defendants will have been put to the expense and trouble of a mistrial, for which it may well be that the costs resulting from the mistrial, which cannot exceed $30, would be a very inadequate return. I am of opinion, therefore, that this is a case in which the court should exercise its discretionary power to deny the motion, but, under the circumstances, without costs. Motion denied, without costs.